**FILED**

DEC 19 2013

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re Subpoena in* ) | |
| ) | |
| STATE BAR OF CALIFORNIA, ) | Case: 1:13-mc-01418 |
| ) | Assigned To : Jackson, Amy Berman |
| Plaintiff, ) | Assign. Date : 12/19/2013 |
| ) | Description: MISCELLANEOUS |
| v. ) | |
| ) | |
| SCOTT J. BLOCH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### NOTICE OF REMOVAL OF A SUBPOENA MATTER

The United States Office of Special Counsel (OSC) respectfully files this Notice of

Removal of a Subpoena Matter under 28 U.S.C. §§ 1442(a) and 1446.

The OSC is an agency of the United States Government. See 5 U.S.C. § 1211.

On December 11, 2013, the State Bar of California served a subpoena on OSC seeking to depose

OSC Chief Information Officer (CIO) Wing Leung on January 3, 2014, in Washington, D.C.

See Exh. 1 at 1-2 (Superior Court subpoena). The subpoena was issued under the authority of

the Superior Court of the District of Columbia and provided Superior Court case number 2013

CA 008194. See id.

This subpoena seeks to depose an employee of the OSC on matters relating to his work

for that office. Robert A. Henderson, Senior Trial Counsel for the State Bar of California,

requested the subpoena because he believes the OSC CIO has information relevant to the State

Bar of California's ongoing disciplinary matter concerning former Special Counsel Scott Bloch.

See Exh. 1 at 6, 12-13 (separate declarations in support of the subpoena). The California Bar's

disciplinary matter concerns Mr. Bloch's deletion of material from his OSC computers. See id.

The requested testimony of the OSC CIO concerns the CIO's knowledge of that incident and alleged work on Mr. Bloch's government computer as an OSC employee during the time frame at issue.  See id.

The subpoena issued to Mr. Leung is removable to this Court, therefore, because it seeks the testimony of a United States employee on matters concerning the performance of his official duties.  See 28 U.S.C. §§ 1442(a)(1) (making such civil actions removable), (d)(1) (defining the removable civil actions to include subpoenas for testimony or documents); Brown & Williamson Tobacco Corp. v. Williams, 62 F.2d 408, 415 (D.C. Cir. 1995) (rejecting a narrow interpretation of § 1442(a) and stating that it allows for jurisdiction over "any proceeding in which state judicial civil power [is] invoked against a federal official"); Voyles v. Smithkline Beecham Corp. (In re Collins), 524 F.3d 249, 251 (D.C. Cir. 2008) (stating that courts regard such a subpoena directed at a federal employee as directed against the agency, and that the agency can remove the proceeding to district court and assert sovereign immunity).  The Superior Court for the District of Columbia is a "state" court for removal purposes.  See 28 U.S.C. §§ 1442(d)(6), 1451; Palmore v. United States, 411 U.S. 389, 395 n.5 (1973).  This removal is effective upon the filing of a copy of this notice with the D.C. Superior Court.  See 28 U.S.C. § 1446(d).  A copy of that notice is attached as Exhibit 2.  A copy of all process, pleadings, and orders served upon the Defendant is attached as Exhibit 1.

Dated: December 19, 2013

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:    /s/ Kevin Laden
Kevin Laden, Va. State Bar No. 48478
Special Assistant United States Attorney
555 4th Street, N.W., Rm. E-4916
Washington, D.C. 20530
Tel: (202) 252-2569   Fax: (202) 252-2599
kevin.laden@usdoj.gov

Exh. I

**SUBPOENA**

## Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001     Telephone (202) 879-1133**

State Bar of California                          **SUBPOENA IN A CIVIL CASE**
_____
Plaintiff

v.

Scott J. Bloch                          CASE NUMBER: 13-CA-1360-MA 9 4
_____
Defendant

To: Wing Leung, Office of Special Counsel, 1730 "M" St., NW, Ste. 218, Wash., DC 20036

☐ **YOU ARE COMMANDED** to appear in this Court at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|-----------|------|------|
|           |      |      |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---------------------|------|------|
| Bar Counsel, 515 - 5th St., NW, Room 117 Washington, DC 20001 (202) 638-1501 | Jan. 3, 2014 | 10:00 AM |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Super. Ct. Civ. R. 30(b)(6)

☐ **YOU ARE COMMANDED** to produce and permit inspection copying of the following documents or objects at the place, date, and time specified below *(list documents or objects):*

| DOCUMENTS OR OBJECTS | | |
|----------------------|------|------|
| PLACE OF PRODUCTION  | DATE | TIME |
|                      |      |      |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|----------|------|------|
|          |      |      |

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| [signature] Deputy Clerk  Superior Court of the District of Columbia | 12/11/13 |
| ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER   Civil Division  500 Indiana Avenue, N.W.  Room 5000  Washington, DC 20001 | |

(SEE SUPERIOR COURT RULE OF CIVIL PROCEDURE 45(c)-(d) ON REVERSE)

WHITE - FOR RETURN OF SERVICE          YELLOW - FOR SERVICE

**Case Number:** _13-C-13866-LMA_     **Court Date:** _Jan 3, 2014_

Authorization as required by D.C. Code § 14-307 and *Brown v. U.S.*, 567 A.2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

_____
**Judge To Whom Case is Assigned**

## PROOF OF SERVICE

| | DATE | TIME | PLACE |
|---|---|---|---|
| **SERVED** | | | |

### SERVED ON

| NAME | TITLE |
|---|---|
| | |

### MANNER OF SERVICE (attach return receipt if service was made by registered or certified mail)

I served the subpoena by delivering a copy to the named person as follows:

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
              **DATE**                          **SIGNATURE OF SERVER**

                                        _____
                                                **ADDRESS OF SERVER**

### SUPERIOR COURT RULE OF CIVIL PROCEDURE 45(c)-(d)

(c) **Protection of persons subject to subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall require any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this Rule, such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) **Duties in responding to subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Form CV-433/June 2012



# THE STATE BAR OF CALIFORNIA
# OFFICE OF THE CHIEF TRIAL COUNSEL

# SUBPOENA

*(California Business and Professions Code Sections 6049 to 6052 and 6069)*

RECEIVED
13  0008196
DEC 11 2013
Civil ... Office
Superior Court of the
District of Columbia
Washington, D.C.

| | |
|---|---|
| In the Matter of | ) Case No. 13-C-13866-LMA |
| Scott J. Bloch,<br>264559, | ) TRIAL SUBPOENA |
| A Member of the State Bar. | )  [X]  For Personal Appearance |
| | )  [ ]  Production of Documents and Things |

THE STATE BAR OF CALIFORNIA, TO: WING LEUNG, Office of Special Counsel, 1730 "M" St. NW, Suite 218, Washington DC 20036 (202) 254-3680

1.  YOU ARE ORDERED TO APPEAR TO TESTIFY AS A WITNESS in this proceeding before a Judge of the State Bar Court at the following time and place:

Date: January 3, 2014          Time: 10:00 a.m.          Place: Bar Counsel
                                                                515 5th St., NW, room 117
                                                                Washington, DC 20001
                                                                (202) 638-1501

2.  YOU ARE FURTHER ORDERED AS FOLLOWS:

A.  [ ]  This subpoena is directed to a financial institution. The production of financial records described in this subpoena is consistent with the scope and requirements of the above entitled State Bar proceeding. You are ordered to produce the financial records described in attachment #1.

B.  [ ]  **Trust Account Records.** There is reasonable cause to believe that the financial records described in attachment #1 pertain to trust accounts which the member of the State Bar of California who is the subject of these proceedings must maintain in accordance with the California Rules of Professional Conduct. All members of the State Bar have irrevocably authorized disclosure of trust account records to the State Bar of California by operation of law (California Business and Professions Code section 6069(a)).

C.  [ ]  **Non-Trust Financial Records and Other Records.** You are ordered to produce the documents and things described in attachment #1. A declaration in support of this request is appended hereto as attachment #2.

D.  [X]  **Ordered to Appear in Person**

E.  [ ]  Not requested to appear in person; however, you are ordered to produce true, legible, and durable copies of the documents described in attachment #1, along with an affidavit of the Custodian of Records, in lieu of personal appearance pursuant to California Evidence Code sections 1271 and 1560 et seq. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date and time, and place from paragraph 1 above. (3) Place this first envelope in an outer envelope, seal it and mail it to the Clerk of the State Bar Court at 180 Howard Street, San Francisco, California 94105-1639. (4) Mail a copy of your declaration to the undersigned as The State Bar of California, 180 Howard Street, San Francisco, California 94105-1639.

3.  You are entitled to witness fees and mileage actually traveled both ways as provided by law. Evidence Code section 1563 governs witness fees for production of business records.

4.  The State Bar is not required to issue notices to consumers (California Code of Civil Procedure section 1985.3(a)(3)).

5.  IF YOU HAVE ANY QUESTIONS ABOUT THIS SUBPOENA, YOU MAY CONTACT ROBERT A. HENDERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR AT (415) 538-2385. DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT OF COURT IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA.

Date issued:  December 10, 2013

_____
Robert A. Henderson
Senior Trial Counsel

3

1  STATE BAR OF CALIFORNIA
   OFFICE OF THE CHIEF TRIAL COUNSEL
   JAYNE KIM, No. 174614
2  CHIEF TRIAL COUNSEL
   JOSEPH R. CARLUCCI, No. 172309
3  DEPUTY CHIEF TRIAL COUNSEL
   SUSAN I. KAGAN, No. 214209
4  ASSISTANT CHIEF TRIAL COUNSEL
   ROBERT A. HENDERSON, No. 173205
5  SENIOR TRIAL COUNSEL
   180 Howard Street
6  San Francisco, California 94105-1639
   Telephone: (415) 538-2385
7

8

9

10                    THE STATE BAR COURT

11         HEARING DEPARTMENT - SAN FRANCISCO

12

13  In the Matter of:            ) Case No.  13-C-13866-LMA
                                 )
14  SCOTT J. BLOCH,              ) **DECLARATION IN SUPPORT OF**
    264559,                      ) **ISSUANCE OF DEPOSITION SUBPOENA**
                                 )
15  A Member of the State Bar.   )

16

17        I, Robert A. Henderson, declare as follows:

18        1.    I am employed as a Senior Trial Counsel by the Office of the Chief Trial

19  Counsel, State Bar of California, 180 Howard Street, San Francisco, California. If called to

20  testify, I would and could competently testify to the following:

21        2.    All of the facts stated herein are within my personal knowledge except those

22  facts stated on information and belief, and as to those facts, I believe them to be true. If called as

23  a witness in this matter, I could competently testify thereto.

24        3.    The matter referenced above is currently pending in the State Bar Court of the

25  State Bar of California. Hearing in this matter has taken place on November 6 and 7, 2013.

26  There is a continued hearing date of January 10, 2014.

27

28                              -1-

4

1    4.    On October 31, 2013, I filed a "Motion to Shorten Time and Motion to Take

2    Out-of-State Deposition" in the State Bar disciplinary matter involving Scott J. Bloch, case no.

3    13-C-13866. One of the individuals I sought to depose was Wing Leung of the Office of Special

4    Counsel.

5    5.    On November 22, 2013, the State Bar Court granted my October 31, 2013,

6    motion, allowing me to take the deposition testimony of Wing Leung.

7    6.    On November 25, 2013, I e-mailed Lisa Terry and Pamela Gault at the Office of

8    Special Counsel's Office of General Counsel seeking their cooperation in the taking of Wing

9    Leung's deposition. The address for Lisa Terry, Pamela Gault and Wing Leung at the Office of

10   Special Counsel is U.S. Office of Special Counsel, 1730 M Street, N.W. Suite 305, Washington,

11   D.C. 20036. Lisa Terry's telephone number is: (202) 254-3603. I have also e-mailed Lisa Terry

12   and/or Pamela Gault regarding the deposition on December 2, 2013, December 3, 2013 and

13   December 4, 2013.

14   7.    On December 4, 2013, Lisa Terry at the Office of Special Counsel informed me:

15   "After careful consideration of your request, while recognizing the importance of these

16   proceedings to the California State Bar, the agency has concluded that it is unable to make Mr.

17   Leung available for deposition. Please be advised that, upon request, the agency will continue to

18   cooperate with your office in these proceedings consistent with applicable law and regulation."

19   8.    On December 6, 2013, I asked Lisa Terry at the Office of Special Counsel to

20   inform me of the basis "your agency asserts for refusing to allow the State Bar of California to

21   take the deposition of Wing Leung."

22   9.    On December 6, 2013, Lisa Terry at the Office of Special Counsel informed me

23   "we are not in the position to elaborate further on the bases for our determination. As we have

24   indicated previously, OSC does not make this determination lightly considering the importance

25   of these proceedings to the California State Bar. If you require further assistance from OSC in

26   these proceedings, the agency stands ready to cooperate consistent with applicable law."

27

28

-2-

10.     On December 9, 2013, I contacted the Law Office of Jonathan Arons, counsel for Scott Bloch, to choose a mutually agreeable date for the deposition of Wing Leung. We agreed on January 3, 2014. The address and telephone number for the Law Office of Jonathan Arons is: 221 Main St., Suite 740, San Francisco, CA 94105, (415) 957-1818.

11.     On December 9, 2013, I contacted the Office of Bar Counsel in Washington DC to see if I would be permitted to utilize a room for the deposition of Wing Leung on January 3, 2014. Elizabeth Herman, at the Office of Bar Counsel, agreed to allow me to conduct the deposition at the Office of Bar Counsel, 515 5th St. NW, Room 117, Washington, DC 20001. The telephone number for Elizabeth Herman is (202) 638-1501.

12.     On December 9, 2013, I e-mailed Lisa Terry at the Office of Special Counsel regarding the proposed deposition of Wing Leung on January 3, 2014. I asked that she let me know if she intended to file a Motion to Quash. As of the time I prepared this declaration I have not heard back from Lisa Terry.

13.     The testimony of Wing Leung is necessary in the State Bar disciplinary matter of Scott J. Bloch. A copy of my motion to take out-of-state deposition is attached to this declaration as Exhibit 1. A copy of the order permitting the out-of-state deposition is attached to this declaration as Exhibit 2.

14.     I believe that the testimony of Wing Leung is relevant and material to a determination as to whether the facts and circumstances surrounding Scott J. Bloch's criminal conviction for depradation of government property, which is a result of his having three hard-drives wiped when he worked as the head of the Office of Special Counsel, involved moral turpitude or other conduct warranting discipline.

15.     I believe that this request is consistent with the scope and requirements of this proceeding.

WHEREFORE, declarant requests that a Deposition Subpoena for the testimony of Wing Leung be issued.

-3-

DECLARATION IN SUPPORT OF ISSUANCE OF DEPOSITION SUBPOENA

1    I declare, under penalty of perjury, under the laws of the State of California that the

2  foregoing is true and correct.

3    Executed this 10th day of December, 2013, at San Francisco, California.

4

5

Robert A. Henderson
6  Senior Trial Counsel

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

DECLARATION IN SUPPORT OF ISSUANCE OF DEPOSITION SUBPOENA

7

**FILED**

**OCT 3 1 2013**

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

1   STATE BAR OF CALIFORNIA
    OFFICE OF THE CHIEF TRIAL COUNSEL
2   JAYNE KIM, No. 174614
    CHIEF TRIAL COUNSEL
3   JOSEPH R. CARLUCCI, No. 172309
    DEPUTY CHIEF TRIAL COUNSEL
4   SUSAN I. KAGAN, No. 214209
    ASSISTANT CHIEF TRIAL COUNSEL
5   ROBERT A. HENDERSON, No. 173205
    SENIOR TRIAL COUNSEL
6   CATHERINE E. TAYLOR, No. 210540
    DEPUTY TRIAL COUNSEL
7   180 Howard Street
    San Francisco, California 94105-1639
8   Telephone: (415) 538-2385

9

10                         STATE BAR COURT

11              HEARING DEPARTMENT - SAN FRANCISCO

12

13   In the Matter of:              )  Case No.: 13-C-13866-LMA
                                    )
14   SCOTT J. BLOCH,               )  MOTION FOR ORDER TO SHORTEN
     No. 264559,                   )  TIME AND MOTION TO TAKE OUT-OF-
15                                 )  STATE DEPOSITIONS OF WITNESSES;
                                    )  MEMORANDUM OF POINTS AND
16                                 )  AUTHORITIES; DECLARATION OF
                                    )  ROBERT A. HENDERSON
17                                 )
                                    )  [Pretrial Conf.: Nov. 5, 2013 at 9:30 a.m.]
18                                 )  [Trial: November 6-7, 2013 at 9:30 a.m.]
     A Member of the State Bar.     )  [Rule of Procedure, rule 5.61(C)]
19

20        The State Bar of California, by and through Senior Trial Counsel Robert A. Henderson,

21   moves the court for an order permitting the taking of the depositions of Roderick Anderson and

22   Wing Leung, each of whom is a material witness who is unable or cannot be compelled to attend

23   the hearing.

24   //

25   //

26   //

27   //

28   //

     EXHIBIT 1                          -1-

*8*

1        This motion is based on the attached Memorandum of Points and Authorities, the

2    attached Declaration of Robert A. Henderson, and all documents on file with the court in this

3    matter.

4

5

6                                      Respectfully submitted,

7                                        THE STATE BAR OF CALIFORNIA
                                       OFFICE OF THE CHIEF TRIAL COUNSEL

8

9

10   DATED:  October 31, 2013          By:

11                                   Robert A. Henderson
                                     Senior Trial Counsel

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Procedural History

The Review Department referred this matter for hearing on August 26, 2013. On August 28, 2013, the Hearing Department set the Initial Status Conference for September 30, 2013. On September 23, 2013, Respondent's counsel filed a Motion for Transfer of Venue, which was unopposed. On September 30, 2013, the matter was set for hearing on November 6 and 7, 2013. On October 1, 2013, the State Bar served its Request for Discovery on Respondent's counsel, which was due not later than October 28, 2013. On October 1, 2013, the U.S. Government went into partial shutdown mode as a result of congressional inaction on the budget appropriations. On October 8, 2013, the State Bar substituted Senior Trial Counsel Robert Henderson and Deputy Trial Counsel Catherine Taylor into the matter. On October 11, 2013, the State Bar filed its Motion for a Continuance. On October 16, 2013, the Government shutdown ended. On October 21, 2013, the Motion for Continuance was denied.

The State Bar has subpoenaed:

1. Wing Leung, an employee of the Office of Special Counsel who has knowledge of the computers wiped;

2. Roderick Anderson, an employee of the Department of the Interior who has knowledge of Respondent's request to have at least three computers wiped by Geeks on Call;

3. J. David Cope, an employee of the Inspector General, who has knowledge of the investigation involving Scott Bloch and the wipe of the computers at the Office of Special Counsel. The Inspector General's investigative file has also been subpoenaed; and

4. Geeks on Call.

To date the State Bar does not have confirmation that any of the witnesses will come to California for hearing. One issue, among others, is that Wing Leung is employed by the Office of Special Counsel, Roderick Anderson is employed by the Department of the Interior and J. David Cope is an employee of the Inspector General, all of which are governmental agencies. Each

-3-

10

1   agency has "*Touhy* Regulations" which must be complied with before cooperation is

2   forthcoming. Although the State Bar is attempting to provide the Office of Special Counsel,

3   Office of the Inspector General and Department of Interior, those documents required, to date we

4   have no confirmation that the witnesses will testify or that the investigative file will be released.

5          For the foregoing reasons, the State Bar respectfully requests that the State Bar Court

6   issue an order on shortened time, permitting the depositions of Wing Leung, J. David Cope and

7   Roderick Anderson.

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF THE CHIEF TRIAL COUNSEL

DATED:  October 31, 2013          By: _____
                                      Robert A. Henderson
                                      Senior Trial Counsel

-4-

### DECLARATION OF ROBERT A. HENDERSON

I, Robert A. Henderson, declare:

1.     I am an attorney at law, duly authorized to practice in the State of California and am employed by the Office of the Chief Trial Counsel of the State Bar of California. All statements made herein are true and correct and if necessary, I could and would competently testify thereto.

2.     Upon information and belief based on media reports readily available to all, on October 1, 2013, the U.S. Government went into a partial shutdown as a result of congressional inaction on the budget appropriations bill. The U.S. Government shutdown continued through October 16, 2013.

3.     On October 7, 2013, I was assigned the prosecution of the above entitled matter.

4.     On October 7, 2013, I reviewed the file and determined that the State Bar would need to update its Discovery Response to Respondent's counsel.

5.     On October 7, 2013, I identified multiple individuals that may have relevant information regarding the "hard-drive wipe" performed on three government computers.

6.     On October 7, 2013, after my review of the file I determined that much of the information that related to Respondent's conduct likely was with U.S. Government agencies, such as the Office of Special Counsel, Office of Personnel Management, Office of the Inspector General and the prosecuting U.S. Attorney's Office.

7.     On October 21, 2013, I subpoenaed Wing Leung to testify at the hearing set for November 6-7, 2013. Wing Leung is the IT professional with the Office of Special Counsel that worked on Respondent's computer during the time frame at issue.

8.     On October 21, 2013, I subpoenaed Roderick Anderson to testify at the hearing set for November 6-7, 2013. Roderick Anderson is a former employee of the Office of Special Counsel. He and Respondent discussed computer issues, the employment of "Geeks on Call" and the services for which "Geeks on Call" were hired to perform. Roderick Anderson is also the person that contacted Respondent when the technician arrived at the Office of Special Counsel.

12

9.      On October 25, 2013, I spoke with Lisa Terry at the Office of Special Counsel regarding the Wing Leung subpoena and whether or not he would be authorized to testify.

10.     On October 28, 2013, I was directed to Pamela Gault at the Office of Special Counsel regarding the Wing Leung subpoena. She requested that a request for assistance be directed to the Office of Special Counsel from an Assistant Chief Trial Counsel or higher be sent.

11.     On information and belief, on October 29, 2013, Catherine Taylor, co-counsel in this matter provided information to the Office of the Inspector General pursuant to their request and in furtherance of the Roderick Anderson subpoena.

12.     On information and belief based on my receipt of a copy of the e-mail, on October 29, 2013, Assistant Chief Trial Counsel, Susan Kagan, e-mailed Lisa Terry and Pamela Gault at the Office of Special Counsel requesting assistance in this matter and specifically the Wing Leung subpoena.

13.     On October 30, 2013, I spoke with Lisa Terry at the Office of Special Counsel regarding the Wing Leung subpoena. Based on my conversation with Lisa Terry I believe that Wing Leung may not honor the subpoena. Based on my conversation with Lisa Terry I believe it is possible, but not certain the Office of Special Counsel will send someone other than Wing Leung to testify at the hearing.

14.     On information and belief, on October 30, 2013, Catherine Taylor, co-counsel in this matter provided "*Tuoy*" information to the Office of the Inspector General pursuant to their request and in furtherance of the Roderick Anderson subpoena.

15.     On October 31, 2013, I subpoenaed J. David Cope, to testify at the hearing set for November 6-7, 2013.

16.     On October 31, 2013, I subpoenaed the Office of Inspector General to produce the investigative file in the Scott Bloch matter.

17.     To date I have been unable to obtain the prosecutor's file in the underlying criminal prosecution that resulted in a plea deal, which was later vacated. The case no. was 1:10-mj-00215-DAR.

18.     To date I have been unable to obtain the prosecutor's file in the underlying criminal prosecution that resulted in the plea deal and conviction referral currently before this court. The case no. was 1:13-cr-00005-RLW-1.

19.     To date I have been unable to obtain the investigative file of the Office of Personnel Management Office of Inspector General regarding the Scott Bloch matter.

20.     I am filing this motion on a shortened time basis as there is insufficient time left prior to trial for a regularly noticed motion.

21.     On information and belief, if an order is issued permitting the perpetuation of testimony pursuant to the Rules of Procedure, there is a mechanism for the State Bar of California to lawfully take the depositions of the out-of-state witnesses and introduce them into this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 31st day of October, 2013 at San Francisco, California.

Robert A. Henderson
Declarant

1   <u>**DECLARATION OF SERVICE BY MAIL**</u>

2   CASE NO.: 13-C-13866-LMA

3       I, the undersigned, over the age of eighteen (18) years, whose business address and place
    of employment is the State Bar of California, 180 Howard Street, San Francisco, California
4   94105, declare that I am not a party to the within action; that I am readily familiar with the State
    Bar of California's practice for collection and processing of correspondence for mailing with the
5   United States Postal Service; that in the ordinary course of the State Bar of California's practice,
    correspondence collected and processed by the State Bar of California would be deposited with
6   the United States Postal Service that same day; that I am aware that on motion of party served,
    service is presumed invalid if postal cancellation date or postage meter date on the envelope or
7   package is more than one day after date of deposit for mailing contained in the affidavit. That in
    accordance with the practice of the State Bar of California for collection and processing of mail,
8   I deposited or placed for collection and mailing in the City and County of San Francisco, on the
    date shown below, a true copy of the within
9
        **MOTION FOR ORDER TO SHORTEN TIME AND MOTION TO TAKE OUT-**
10      **OF-STATE DEPOSITIONS OF WITNESSES; MEMORANDUM OF POINTS**
        **AND AUTHORITIES; DECLARATION OF ROBERT A. HENDERSON**
11
    in a sealed envelope placed for collection and mailing at San Francisco, on the date shown
12   below, addressed to:

13      **Jonathan Irwin Arons**
        **Law Ofc Jonathan I Arons**
14      **221 Main Street, Ste. 740**
        **San Francisco, CA 94105**
15
    in an inter-office mail facility regularly maintained by the State Bar of California addressed to:
16
        N/A
17
        I declare under penalty of perjury under the laws of the State of California that the
18   foregoing is true and correct. Executed at San Francisco, California, on the date shown below.

19

20

21   DATED: October 31, 2013          SIGNED: _Paula H. D'Oyen_
                                               Paula H. D'Oyen
22                                             Declarant

23

24

25

26

27

28

15

**FILED**

NOV 2 2 2013

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

## STATE BAR COURT OF CALIFORNIA

### HEARING DEPARTMENT – SAN FRANCISCO

| | |
|---|---|
| In the Matter of | Case No.: **13-C-13866-LMA** |
| **SCOTT J. BLOCH,** | **ORDER RE STATE BAR'S MOTION FOR OUT-OF-STATE DEPOSITIONS** |
| Member No. **264559,** | |
| A Member of the State Bar. | |

On October 31, 2013, the Office of the Chief Trial Counsel of the State Bar of California (State Bar) filed a motion to take the out-of-state depositions of the following proposed deponents: (1) Wing Leung, an employee of the Office of Special Counsel; (2) Roderick Anderson, an employee of the Department of the Interior; (3) J. David Cope, an employee of the Inspector General; and (4) Geeks on Call. The State Bar argued that the out-of-state depositions of these proposed deponents are necessary since it does not have confirmation that these proposed deponents will come to California for hearing or to testify.

On November 14, 2013, respondent Scott J. Bloch (respondent) filed a response arguing that the motion is moot with respect to Roderick Anderson as he appeared and provided testimony on November 7, 2013. Respondent also argued that the motion should be denied as to the remaining proposed deponents since they are not material witnesses to this action.

On November 20, 2013, the State Bar filed its reply to respondent's response and argued that the out-of-state deposition of Wing Leung or another information technology professional with the Office of Special Counsel is warranted, but that it does not object if the court chooses not to permit the deposition of Geeks on Call to be taken. The State Bar also noted that it is continuing to seek

EXHIBIT 2

16

information from J. David Cope,[1] but does not clearly state whether it still seeks the out-of-state deposition of this proposed deponent.

Having reviewed and considered each party's contentions, the court makes the following orders pursuant to rule 5.61(C) of the Rules of Procedure of the State Bar of California:

1. The motion is granted as to Wing Leung. Any out-of-state deposition of Mr. Leung must comply with the procedures stated in Government Code 68753;

2. The motion is denied as to J. David Cope and Geeks on Call. The State Bar failed to show that these proposed deponents are material witnesses to this action;

3. The motion is moot as to Roderick Anderson since this witness testified at trial on November 7, 2013;

4. The State Bar's request to take the deposition of another information technology professional with the Office of Special Counsel, other than Mr. Leung, is denied. The State Bar delayed in making this request for the first time in its reply; and

5. Continuance of the trial date is not contemplated.

Dated: November 22 , 2013

LUCY ARMENDARIZ
Judge of the State Bar Court

---

[1] The reply appears to suggest that Mr. Cope is associated with the Office of Personnel Management. However, the motion for out-of-state deposition and the response filed by respondent indicate that Mr. Cope is an employee of the Inspector General's Office.

17

**CERTIFICATE OF SERVICE**

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of San Francisco, on November 22, 2013, I deposited a true copy of the following document(s):

ORDER RE STATE BAR'S MOTION FOR OUT-OF-STATE DEPOSITIONS

in a sealed envelope for collection and mailing on that date as follows:

☒     by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at San Francisco, California, addressed as follows:

    JONATHAN IRWIN ARONS
    ALEXIS E. GOUGH
    LAW OFC JONATHAN I ARONS
    221 MAIN ST STE 740
    SAN FRANCISCO, CA   94105

☒     by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

    ROBERT A. HENDERSON, Enforcement, San Francisco

I hereby certify that the foregoing is true and correct. Executed in San Francisco, California, on November 22, 2013.

Bernadette C.O. Molina
Case Administrator
State Bar Court

18

1  STATE BAR OF CALIFORNIA
   OFFICE OF THE CHIEF TRIAL COUNSEL
   JAYNE KIM, No. 174614
2  CHIEF TRIAL COUNSEL
   JOSEPH R. CARLUCCI, No. 172309
3  DEPUTY CHIEF TRIAL COUNSEL
   SUSAN I. KAGAN, No. 214209
4  ASSISTANT CHIEF TRIAL COUNSEL
   ROBERT A. HENDERSON, No. 173205
5  SENIOR TRIAL COUNSEL
   180 Howard Street
6  San Francisco, California 94105-1639
   Telephone: (415) 538-2385
7

8

9
                          THE STATE BAR COURT
10
                   HEARING DEPARTMENT - SAN FRANCISCO
11

12

13  In the Matter of:                    ) Case No.  13-C-13866-LMA
                                         )
14  SCOTT J. BLOCH,                      ) ACKNOWLEDGEMENT OF
    264559,                              ) RECEIPT OF SUBPOENA
                                         )
15  A Member of the State Bar.           )

16

17         I, _____, hereby declare and state:

18         On _____, I received a Subpoena dated December 10, 2013,

19  directing me to appear at 515 5th St. NW, Room 117, Washington, DC 20001, on January 3,

20  2014, at 10:00 A.M.  The Subpoena was served upon me by mail at my address which is: Wing

21  Leung, Office of Special Counsel, 1730 "M" St. NW, Suite 218, Washington, DC 20036.

22         I agree to accept service of the Subpoena by mail in lieu of personal service.

23         I declare under penalty of perjury, under the laws of the District of Columbia, that the

24  foregoing is true and correct.

25

26  ///

27  ///

28  ///
                                    -1-

## CERTIFICATE OF SERVICE

I certify that service of this Notice of Removal has been made by United States mail to

adverse party:

>  Robert A. Henderson, Senior Trial Counsel
>  State Bar of California
>  Office of the Chief Trial Counsel
>  180 Howard Street
>  San Francisco, California  94105-1639

on December 19, 2013.

/s/

Kevin M. Laden, Va. State Bar # 48478
Special Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2569
kevin.laden@usdoj.gov